## DICKSON & Co. v. W. S. MORGAN et al.

The plaintiff garnisheed, on a judgment against the defendant, an absentee, by service on his agent; *Held:* That as no special authority was shown in the agent to answer for the principal, the answers of the agent did not bind the principal, and that no judgment could be entered against the principal.

APPEAL from the Second District Court of New Orleans, *Lea*, J. *Durant* and *Hornor*, for plaintiffs. *J. Q. Bradford*, for defendants. The judgment of the court was pronounced by

. PRESTON, J. The plaintiffs commenced suit, and obtained judgment, against *William S. Morgan*. In commencing their suit, they prayed that *David Melleville*, by his agent and attorney in fact, *W. E. Camp*, might be made garnishee, and cited to appear and answer interrogatories. The sheriff returned, that the citation was served on *David Melleville*, garnishee, through *William E. Camp*, his agent, in person; said *Melleville* being absent from the parish. Interrogatories were served upon *Camp*, as agent of *Melleville*, and the sheriff seized in his hands the effects of the defendant. He answered the interrogatories, as agent of *Melleville*, showing assets of the defendant in his hands, and afterwards attempted to file a supplemental answer, showing a greater indebtedness from the defendant to *Melleville*; but which application was dismissed.

A rule was then taken upon *Melleville*, having for its object, to render him liable, on the answers of *Camp*, to the amount of the judgment. It was dismissed by the court, on the ground that the plaintiffs had not shown that *Camp* had power to appear in court for *Melleville*, so as to render his answers binding upon the latter; and the plaintiffs have appealed.

The proceedings against *Melleville* are based upon the ground, that *Camp's* answers amount to a confession, that *Melleville* owed the defendant the amount claimed from him. Our code provides, that the power to acknowledge a debt must be express and special. No such power from *Melleville* to *Camp* is shown.

No administration, as agent of a garnishee, can lead to a result indirectly, which could not be obtained from the agent directly. Judgment against the garnishee was properly refused, so far as it was claimed by virtue of the answers of his agent.

It is next urged, that the petition, citation, and interrogatories to *Melleville*, as garnishee, were duly served upon him; and that, having failed to answer the interrogatories, are to be taken as confessed against him. The Code of Practice requires the service of citation personally, which did not take place in this case, or at the domicil of the person to be charged. The garnishee had no domicil in the State. It was held, in the late case of *Fusillier, Administrator*, v. *Robin*, that the power of administration given to an agent, does not authorize him to defend suits which may result in the alienation of the principal's property.

It is said, the affidavit of *Camp*, the agent of the garnishee, shows that he had property in his hands, subject to the plaintiff's attachment. It was an *ex parte* affidavit; perhaps, by cross-examination, the garnishee might elicit that the property was not subject to the attachment. And if it was liable, that investigation can still be had, as the sheriff attached all effects of the defendant in the hands of *Camp*, agent of *Melleville*.

The judgment of the district court is affirmed, with costs.